UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

JANE DOE (O.B.J.), an individual,

    Plaintiff,

    v.

INTER-CONTINENTAL HOTELS GROUP,
INC.; INTERCONTINENTAL HOTELS
GROUP (U.S.A.) FRANCHISING, INC.;
SIX CONTINENTS HOTELS, INC.;
HOLIDAY HOSPITALITY FRANCHISING,
LLC; and HIGH STREET HOTEL GROUP
LLC d/b/a HOLIDAY INN EXPRESS

    Defendants.

CIVIL ACTION NO. 1:25-cv-10815

**NOTICE OF MOTION
TO PROCEED UNDER PSEUDONYM**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/26

**PLEASE TAKE NOTICE** that Plaintiff, JANE DOE (O.B.J.), through her undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 26(c)(1) and Federal Rule of Civil Procedure 5.2, to allow her to proceed in this matter under a pseudonym in her Complaint and all public filings and proceedings in this action. The arguments in support of this motion are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

Dated: New York, New York
      January 6, 2026

                Respectfully Submitted,

                **LOCKS LAW FIRM**

                By:   */s/Anthony P. Mastroianni*
                      Anthony P. Mastroianni
                      675 Third Avenue, 8th Floor
                      New York, New York 10017
                      Tel: (212) 838-3333

<u>Memorandum Endorsement</u>     <u>Doe v. Inter-Continental Hotels Group, Inc., 25-cv-10815 (LAK)</u>

Plaintiff claims that she was sex trafficked in two New York City hotels that allegedly are franchised by or franchisees of the defendants. She seeks to hold the defendants responsible under the Trafficking Victims Protection Reauthorization Act, 15 U.S.C. §§ 1581 *et seq.* She has moved to proceed pseudonymously (with her true name known to defendants and contained under seal in the court file) in this action.

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." In *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 190 (2d Cir. 2008), the Second Circuit indicated that district courts may permit parties to proceed pseudonymously notwithstanding Rule 10(a) if the balance of interests served by doing so outweighs the interests of the defendant and the public in full disclosure. It further set out a non-exhaustive list of factors that may bear on how the balance should be stricken in any given case. I have taken them all into account to the extent that they are relevant here.

As noted above, the plaintiff's identity has been or will be disclosed to the defendants which have not opposed her motion. The Court perceives no real public interest in disclosure of plaintiff's name. Should the matter proceed, plaintiff would risk some stigmatization if her alleged sexual activities and the context in which they allegedly occurred if her identity were known generally. No further explication is necessary to justify the Court's conclusion that the balance here favors the plaintiff, especially given the lack of objection from the defendants.

Plaintiff's motion (Dkt 3) is granted on condition that her identity has been or shortly will be disclosed to the defendants under an appropriate protective order.

SO ORDERED.

Dated:        February 9, 2026

_____
Lewis A. Kaplan
United States District Judge